By the Court.
This was a suit brought in the common pleas of Pickaway to set aside the last will and testament of Nelson Hitler, deceased, which had been admitted to'probate in the probate court of that county in February, 1917. .
An issue was made up and a large amount of testimony was introduced by both parties touching the testamentary capacity of the testator at the time of the execution of the will and also whether undue influence had been exerted to induce its execution.
On the conclusion of the evidence, and before argument, counsel for both sides presented requests to charge with reference to the issue of the testamentary capacity of the testator and with reference to the issue of undue influence. At that stage all seemed to regard the question of undue influence as an issue in the case for the determination of the *623 jury. The court in its general charge took from the jury the question of undue influence and left only the capacity of the testator to be determined. The jury rendered a verdict sustaining the will. From the judgment entered on the verdict error was prosecuted to the court of appeals where the judgment of the trial court was reversed for error in withdrawing the issue of undue influence from the jury.
The testator was past 82 years at the time of the execution of his will in July, 1915, and died about 18 months thereafter. At his death, he owned about 2400 acres of land and considerable personal property. Some of the land was ancestral and the balance he purchased. He was a bachelor, and for some years previous to and up to the time of his death George Steeley and his wife resided with him at his homestead and boarded and cared for him. The will provides for the sale of the testator’s real and personal property, the payment of some specific legacies to relatives and to a cemetery association, and then provides: “All the rest and residue of my estate to the Board of Education of Pickaway Township Rural School District in Pick-away county, Ohio, to be judiciously and carefully invested by said board and the interest or dividends arising from said investment is to be applied in perpetuity, in connection with the other school funds of said district, to the support and maintenance of the centralized schools of said Pickaway Township Rural School District and to the purchase of books and the upkeep of the library in said centralized school building.”
*624 A vast amount of testimony was introduced on both sides touching the physical and mental weakness of the testator as he passed into old age, and as to the effect of sick spells from which he suffered in the later years of his life, and also concerning the circumstances which led up to the execution of the will. There is much with reference to interviews with his attorney, and with Mr. Steeley, to whom a farm of about 160 acres was devised in the will. This devise was confirmatory of a previously executed deed for the same property left in escrow. A number of witnesses testified as to conversations with Mr. Hitler and suggestions made to him by persons interested in the general subject of education and benefactions therefor.
The sole question presented in this proceeding in error is whether the evidence introduced by the contestants was sufficient to overcome the prima facie case made by the order of probate.
In the recent case of. Clark v. McFarland, 99 Ohio St., 100, the following rule is declared in the syllabus:
“In proceedings in contest of a last will and testament, a motion to direct a verdict in behalf of the proponents of the will, at the close of the evidence of the contestants, must be overruled by the court, if some evidence has been offered in support of the issues involved.”
As already stated there was considerable evidence touching the relation of Steeley and Mr. Hitler’s attorney to him, and their connection with the circumstances attending the execution of the will. Steeley was appointed executor by the will *625 and was constantly for a long time previous to and up to the execution of the will in such position and so closely in touch with the testator as to be able to exert influence on him in his old age. There was evidence tending to show that the attorney when the first draft of the will was prepared endeavored to induce the testator to make him one of the executors. This was not done. While the effort was not successful, it is a circumstance to be considered by the jury in connection with the fact of the intimate relationship of the attorney and Steeley with the testator and with each other. The attorney expected to act as counsel in the settlement of the estate, a relationship the importance of which would be greater than if there were no will.
The will requires the real estate to be sold and the proceeds * invested in a class of investments which the evidence tends to show the testator had in the course of his long and successful business life avoided.
There was also evidence of conversations with the testator by persons interested in the schools touching the subject of gifts to such objects, and as pointed out, the bulk of his estate was given to the Board of Education of Pickaway township.
As already stated, the record is a very voluminous one. A very large amount of testimony was introduced by the parties with reference to the two issues named. There was considerable Evidence in support of the contestants’ claim as to the incapacity and mental weakness from old age of the testator at the time he made the will, and, while the- verdict *626 shows that the jury must have found that the preponderance of evidence was in favor of the testator’s capacity, nevertheless the testimony that was offered in the case touching that subject was competent to be weighed by the jury in connection with the testimony touching the issue of undue influence. It has been well said that in the nature of the case issues relating to undue influence are generally determined upon circumstantial evidence and inferences drawn from a full presentation of facts which may be inconclusive when taken separately, and a wide range of inquiry is, therefore, permitted to bring before the jury facts and influences bearing on the preparation of the will.
The facts that Steeley was appointed executor by the will, was the beneficiary named in one of its items, and sustained the intimate relations with the testator, as above stated, so that he was in a position to exert influence over the old gentleman, are not in themselves evidence that he actually did so as to this will. But all of these circumstances in relation to the attorney and to Mr. Steeley, as well as the evidence concerning the mental and physical condition.of the testator, his habits of life, his conversations (touching any of the subjects dealt with in his will) with other persons more or less interested, the provisions of the will itself, all of these matters present a situation for the consideration of the jury.
Although it might be conceded that if the determination of the ultimate fact in issue had been left to the trial judge he might properly have found against the contestants, that is not the situation pre *627 sented. Different minds might reasonably differ as to the inferences to be drawn from the competent evidence, and it was the duty of the jury to draw these inferences after considering all the circumstances in the case in the light of the evidence of both parties, although the trial judge was himself clearly convinced as to the conclusion that should be arrived at.
As said in Vignola v. New York Central Rd. Co., 102 Ohio St., 194: “In order that an issue should be required to be submitted to the jury, it is not essential that there be such a conflict in the testimony of different witnesses as makes it necessary for the jury to determine disputes or questions of veracity. That is not the only province of the jury. Where there is no conflict in the testimony, but nevertheless the unconflicting testimony discloses a variety of circumstances from which different minds may reasonably arrive at different conclusions as to the ultimate facts shown by the evidence, it is the duty of the jury to determine such ultimate fact.”
It is much to be regretted that the delay and the expense necessary to a retrial of this case must again be undergone. But we feel compelled to agree with the court of appeals that the court of common pleas erred in holding that there was no evidence tending to support the issue of undue influence and in withdrawing that issue from the con-¿deration of the jury.

Judgement affirmed

Johnson, Wanamaker, Robinson and Matthias, JJ., concur.